1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark and Kimberly Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

**FILED**

MAR 1 8 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker, <br><br> Plaintiff, <br><br> v. <br><br> STACCATO PROPERTIES, LLC, VIRGIL MATEO AND CHRISTOPHER ESPINEDA <br><br> Defendant. | No. **2:19-cv-00089-TLN-DB** <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT and Declaration in Support of ENTRY OF DEFAULT AGAINST ALL DEFENDANTS** <br> Judge  Deborah Barnes <br> **Date Friday, May 17th 10:00 AM** <br> **Courtroom** No. 27- 8th Floor, |

Plaintiffs  MARK and KIMBERLY AUSSIEKER ("Plaintiffs"), moves for entry of default

judgment against only STACCATO PROPERTIES, LLC and, in support, states as follows:

I.    SUMMARY OF MOTION

Copies of the Complaint and Summons were served to Corporate Defendant . (See Proof of

Service, filed at Doc. No. 5.) Defendant, and his employees and lawyer have been in contact

with Plaintiff via email multiple times since filing of this lawsuit and have knowledge of the

1

1  lawsuit.[1]

2  To date, Defendant has not filed a responsive pleading as required by the Federal Rules of

3
   Civil Procedure. Plaintiff requested that the clerk enter a default and the Clerk entered
4
5  default of the Defendant on 1/25/2019. (Doc. 9.)

6  Defendant, STACCATO PROPERTIES, LLC,  is a business entities and are exempted under

7  the Soldiers' and Sailors' Civil Relief Act of 1940 [2]

8

9

10  Notice of this Motion for Default Judgment was served via U.S. mail to Defendant's office,

11  and also sent by email along to their attorney who has yet to make an appearance [3].

12  The $15,000 Judgment sought against Defendant consists of the following:

13
14      1.      Out of the total sum for damages, $6,000 is the total of the statutory penalties set

15      forth in 47 U.S.C. §227(c)(5). See Complaint, Docket No. 1, ¶27 & ¶30 &41 & ¶44

16      2.      Out of the total sum for damages, $9,000 is the total of the statutory penalties set

17      forth in 47 U.S.C. §227(b)(3). See Complaint, Docket No. 1, ¶ 33& ¶ 36& ¶ 38& ¶47 &

18      ¶50, & ¶52.
19

20

21                          II.      LEGAL STANDARD

22  "Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the

23  procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55(a),

24  requires that the movant submit a declaration establishing: (1) when and against whom

25  default was entered; (2) identification of the pleading entering default; (3) whether the

26

27  _____
    [1] Plaintiff declaration in support of default judgment ¶9
28  [2] Plaintiff declaration in support of default judgment ¶6
    [3] See proof of service from Kimberly Aussieker

                                    2

defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice." Id. Federal Rule of Civil Procedure 55(b)(2) authorizes district courts discretion to grant default judgment after the Clerk enters default under Rule 55(a). Aldabe v.Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

When moving for a default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).

"In exercising its discretion, the Court considers the Eitel factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiffs substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." W Veg-Produce, Inc., 2018 U.S. Dist. LEXIS 63863, at **4-5 (citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Geddes v. United Financial Group, 559 F.2d 557,560 (9th Cir. 1977); Consumer Fin. Prat. Bureau v. Siringoringo,No. 14-01155, 2016 U.S. Dist. LEXIS 4272, at *4-5 (C.D. Cal. Jan. 7, 2016). "The Court need not make detailed findings of fact in the event of a default judgment." YS Park Profl, Inc. v. Saco Store, No. 17-5065, 2018 U.S. Dist. LEXIS 49717, at *5-6 (C.D. Cal. Mar. 23, 2018) (citing Adrianaint'l Corp. v. Thoeren, 913 F.2d 1406, 1414(9th Cir. 1990).

3

III.  JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction.

This Court has personal jurisdiction over parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his  contact with Defendants from California.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, in that the robocalls at issue were recieved in this District.


IV.  ARGUMENT

A.     Rule 54(c), 55(a)

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). The default judgment does not seek more than is demanded in the Complaint. Rule 55(a) requires entry of default by the clerk, which has occurred. A declaration regarding service, which is satisfied by the Aussieker Declaration, submitted herewith.

B.     Application of Eitel Factors

Possibility of Prejudice In Event Default Judgment is Not Issued

4

Plaintiff will be prejudiced if default judgment is not granted against Defendant. Defendant has ignored this lawsuit, and will likely continue its unlawful robocalling activities if Court fails to enter the Judgment. Plaintiff will be prejudiced if Defendant is able to avoid liability by simply delaying or ignoring this lawsuit   There is discoverable information kept by phone companies that prove plaintiffs claims. There are no laws that requires phone companies or ISP to store server logs which will result in a loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion.

In exercising discretion to enter a default judgment, the first Eitel factor courts may consider is the possibility of prejudice to the plaintiff a judgment default is not entered.  Eitel, 782 F.2d at 1471.  Here, absent a default judgment, Plaintiff will have no other recourse recover its monetary damages. Even if Defendant merely delays this suit, electronic evidence yet to be discovered will be lost. Plaintiff lack of other recourse represents a sufficient likelihood of prejudice that weighs strongly in favor of granting default judgment. See PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.");

2. Merits of Substantive Claims

1. Plaintiffs substantive claim is meritorious. Defendant's admitted to the ringless voicemail campaign[4]. Even if Defendant had a vendor do its telemarketing, they are still liable for the vendors actions per *Charvat v. Echostar* and *United States v. Dish Network* matters (FCC-13-54A1 (Dec. Ruling)).   Corporate Defendant has yet to assert any defense and the member manager informed Mr. Aussieker that there is not plan to defend[5].

---

[4] Plaintiff declaration in support of default judgment ¶8
[5] Plaintiff declaration in support of default judgment ¶10

5

1

3. Sufficiency of the Complaint

2

3

Plaintiff has set forth a well-pleaded Complaint, and has listed all the essential facts and

4

elements as to its cause of action against Defendant. Plaintiffs Complaint seeks $1,500 per

5

violation of the TCPA. The Complaint alleges nine violations. The total statutory damages

6

sought are $15,000. The Complaint further alleges that Defendant intentionally violated the

7

TCPA[6]. The Complaint further alleges that Defendant knowingly and intentionally violated

8

the TCPA by failing to check a phone number prior to calling against the Do Not Call list[7].

9

4. Sum of Money at Stake

10

11

With respect to the fourth factor, "the court must consider the amount of money at stake in

12

relation to the seriousness of defendant's conduct." BWP Media USA, Inc. v. P3R, LLC,

13

2014 U.S. Dist. LEXIS 114563, *7 (C.D. Cal. July 3, 2014). Defendant has repeatedly

14

violated the TCPA with respect to Plaintiff.

15

16

Given Defendant's willful engagement in harassing and unlawful robocalls, and its failure

17

to comply with the judicial process or to participate in the present litigation, imposition of a

18

monetary award is warranted. The $15,000 sought is a very small penalty to pay for

19

Defendant's TCPA violations.

20

5. Possibility of Dispute Concerning Material Facts

21

22

Plaintiff has satisfied the fifth Eitel factor as well, since all well-pleaded facts in the

23

Complaint are to be taken as true upon entry of default. In this case, Plaintiff has filed a

24

well-pleaded complaint alleging the facts necessary to establish its claims, and the Clerk

25

has entered default against Defendant[8]. Consequently, there is no dispute regarding the

26

27

[6] Docket No. 1 at pp.4, ¶¶23
[7] Docket No. 1 at pp.4, ¶¶23

28

[8] Docket No.9

6

material averments of the Complaint, and the likelihood that any genuine issue exists is at best, remote. Defendant VIRGIL has never denied that the company was involved in the robocall/ ringless voice  message campaign and asked for leniency due to the fact it was a start up no ability to pay or defend.[9]

6.  Whether Default was Due to Excusable Neglect

Defendants have indicated they are not going to defend the action and would settle if they had money[10].

7.  Policy Favoring Decision on the Merits

Finally, the mere existence of FRCP 55(b) indicates that the seventh Eitel factor is not alone dispositive. Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action. The policy of favoring decision on the merits is outweighed when a Defendant intentionally decides to ignore a lawsuit.

C. Damages

1) Plaintiff is Entitled to Statutory Damages Under the TCPA

Plaintiff seeks $15,000 in statutory damages. The $15,000 is the sum of (nine) statutory penalties of $1,500.00. This is amount was calculated from  47 U.S.C. §227(c)(5) or 47 U.S.C. §227(b)(3). See Complaint, Docket No. 1, ¶ 39 & ¶42. ¶ 45& ¶48 & ¶50, & ¶52.

2)  Plaintiff is Entitled to Prejudgment Interest

Plaintiff is entitled to interest from the date this action was filed at the legal rate.

See 28 U.S.C. § 1961.

---

[9] Plaintiff declaration in support of default judgment ¶8 and 9
[10] Plaintiff declaration in support of default judgment ¶9

7

1    V.   CONCLUSION

2    Based upon the foregoing, Plaintiff respectfully requests that this Court enter default

3    judgment in the amount of $9,000 against, plus $400 for the filing fee, and $100 for the cost

4    of service on Defendants.

5

6    I declare under penalty of perjury under the laws of the United States of America that the

7    foregoing is true and correct.

8    Executed this 14th day of February 2019 in Sacramento, CA.

9

10   /s/ Mark Aussieker

11

12

13   Kimberly Aussieker

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    8

Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker,<br><br>Plaintiff,<br><br>v.<br><br>STACCATO PROPERTIES, LLC, VIRGIL MATEO AND CHRISTOPHER ESPINEDA<br><br>Defendant. | No. **2:18-cv-03234-JAM-AC**<br><br>**DECLARATION OF MARK AUSSIEKER IN SUPPORT MOTION FOR ENTRY OF DEFAULT AGAINST ALL DEFENDANTS** |

I, MARK AUSSIEKER, declare as follows:

1.    I am the plaintiff and I submit this Declaration in support of Plaintiff's request for entry of Default Docket No. 9

2.    I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the facts therein.

3.    I filed this complaint on January 14th, 2019(Docket No 1).

4.    Defendant was served on January 17th, 2019 as evidenced by the Proof of Service filed in this case. (Docket No 7).

9

5.    Defendant did not answer and a default was entered by the clerk on February 15th, 2019 (Docket No 9).

6.    Corporate defendants are incapable of being incompetent and the individual defendants are sophisticated business people and therefore not incompetent.  The individuals are all over the age of 18.

7.    I spent $400 on the filing fee and another $55 to have the corporate defendant  served.

8.    I spoke to named defendant VIRGIL MATEO on 1/14/19.  He admitted and apologized for the robocall/ ringless voice that were ever sent. He never denied that the calls were not made.

9.    VIRGIL MATEO asked for leniency because since he was a new company and they have no money to pay or defend.

10.   Defendants told me they wanted to settle but did not have any money.  He did not have an plans to appear.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of February 2019 in Sacramento, CA.

Mark Aussieker

2:19-CV-00089-TLN-DB

PROOF OF SERVICE

I, the undersigned declare that at the time of service of the papers
herein referred to, I was least EIGHTEEN (18) years of age, and I
served the following documents:

**PLAINTIFFS MOTION for Entry of Default and declaration in support.**

On the following party:

Agent for service of STACCATO PROPERTIES, LLC
LEGALZOOM.COM, INC.
101 N BRAND BLVD 11TH FLOOR
GLENDALE CA 91203


BY  mailing first class mail on said date by depositing said
documents in the U.S. Mail in a sealed envelope with postage
fully pre-paid, addressed as above to the above party.


Person Serving:

Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628


I declare under penalty of perjury under the laws of the state of
California that the foregoing is true and correct:
Date 3/13/19


Mark Aussieker

Executed in Sacramento, CA